UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
Oct 24  9 16 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Thomas CARROLL,
    Plaintiff,

v.  :  3:02cv790 (PCD)

Kristine D. RAGAGLIA, et al,
    Defendants.

## RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD ADDITIONAL DEFENDANTS

Pursuant to Fed. R. Civ. P. 15(a) Plaintiff moves to amend his Complaint to add additional defendants. For the reasons set forth herein, Plaintiff's motion is **denied**.

### I. Background

Plaintiff brought this action against the State of Connecticut's Department of Children and Families ("DCF"), DCF Commissioner Kristine Ragaglia, and DCF employees Judith Fritz and Laura Curran ("Defendants").[1] Plaintiff claims that Defendants substantiated child abuse allegations against him in violation of his due process rights under both the Connecticut and United States Constitutions. Plaintiff also claims that the substantiation was in retaliation for complaints Plaintiff had made about DCF and the organization's employees. Plaintiff seeks to amend his Complaint to add parties that he believes were involved in substantiating Plaintiff as a child abuser.

This case was filed in May 2002. This Court has granted Plaintiff's motions to extend discovery five times. (See Doc. No. 21; Doc. No. 26; Doc. No. 27; Doc. No. 28;

---

[1] Kristine Ragaglia was DCF Commissioner at all times relevant to Plaintiff's action.

-1-

Doc. No. 34). In April 2003, Plaintiff received discoverable materials that he claims changed his understanding of the case substantively. Specifically, Plaintiff argues that the April materials revealed that two additional individuals, Linda Madigan-Runlett and Michelle Peterson ("proposed defendants"), were involved in the decision to substantiate the child abuse allegations.[2] In June 2003, Plaintiff deposed Madigan-Runlett and Peterson. In August 2003, Plaintiff moved to amend the Complaint to add these individuals as defendants.

## II.  Standard

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been served, litigants may amend a pleading only "by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a). In these situations leave to amend pleadings "shall be freely given when justice so requires." *Id.* In *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court explained that courts must evaluate Rule 15(a) motions under the following standard:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rule requires, be "freely given."

*Id.* at 182. The propriety of granting a motion to amend remains within the district court's discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). Where a scheduling order has been

---

[2] Defendants presented evidence suggesting that Plaintiff was fully aware of Madigan-Runlett and Peterson's involvement in January 2003. (Defendants Ex. A, Fritz Depo. at 313).

entered, however, the lenient standard under Rule 15(a) must be balanced against the requirement under Rule 16(b) that a court's scheduling order "shall not be modified except upon a showing of good cause." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); FED. R. CIV. P. 16(b). A finding of good cause depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), *rev'd in part on other grounds*, *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100 (2d Cir. 2001) (*citing In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999)).

### III.  Discussion

Plaintiff moves to add Madigan-Runlett and Peterson as defendants to the Complaint for their involvement in substantiating Plaintiff as a child abuser. Plaintiff argues that the proposed and existing defendants authorized the substantiation absent a legitimate investigation or an administrative hearing, violating Plaintiff's due process rights under the Connecticut and United States Constitutions. Defendants argue that the motion is unfairly prejudicial, futile, and that Plaintiff has not acted diligently in requesting leave to amend. Plaintiff has not responded to Defendants' objection.

#### A.  **Plaintiff has not demonstrated "good cause."**

After the deadline for amending pleadings has expired motions to amend shall be granted only upon a showing of "good cause." *Parker*, 204 F.3d at 340. In this matter

Plaintiff requested leave to amend nearly two months after discovery ended.[3] Moreover, a finding of "good cause" depends on the diligence of the moving party. *Id.*

Although Plaintiff claims that he did not learn of Madigan-Runlett and Peterson's involvement in the substantiation until June 2003, Defendants have provided evidence suggesting that Plaintiff knew of these individual's involvement since January 2003. (Fritz Depo. Ex. A at 313). Both Defendant Fritz and Defendant Curran testified in their depositions that Madigan-Runlett had participated in the decision to substantiate Plaintiff as a child abuser, (Fritz Depo. Ex. A. at 313; Curran Depo. Ex. B at 221-27) and Defendant Curran also testified as to Peterson's role in the substantiation. (Curran Depo. Ex. B at 221-27).[4] Following these depositions Plaintiff waited eight months to request leave to amend the Complaint to add Madigan-Runlett and Peterson as defendants. Discovery ended in June and Defendants moved for summary judgment on July 17, 2003. (See Doc. No. 34; Doc. No. 35). Nevertheless, Plaintiff did not move to amend the Complaint until August 5, 2003. (Doc. No. 36).

Plaintiff's delay in filing this amendment warrants a showing of good cause in support of the motion. Plaintiff does not, however, provide sufficient justification for the delay. *Cf. Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying

---

[3]  Discovery ended on June 14, 2003. (Doc. No. 34). Defendants served Plaintiff with their Motion for Summary Judgment on July 17, 2003. (Doc. No. 35). Plaintiff's Motion to Amend was filed on August 5, 2003. (Doc. No. 36).

[4]  Plaintiff claims that he did not have reason to believe that Madigan-Runlett and Peterson should be included as defendants until he received certain discoverable materials in April 2003. Assuming, *arguendo*, that these April materials did provide Plaintiff with new information supporting the amendment, Plaintiff waited an additional four months before requesting leave to amend. Plaintiff provides no explanation for this delay.

motion to amend where "the information supporting the proposed amendment" was available to the moving party prior to the start of litigation and where movant failed to show good cause); *Nicholas v. Davis*, No. CIV.A 03-0011, 2003 U.S. App. LEXIS 18365, at *9 (2d Cir. Sept. 4, 2003) (district court did not abuse its discretion in denying motion to amend for lack of diligence where movant waited three months after learning of the proposed defendant's involvement in the cause of action before requesting leave to amend); *Grochowski*, 318 F.3d at 86 (2d Cir. 2003) (district court did not abuse its discretion in denying motion to amend for lack of diligence when discovery had ended and summary judgment motion was pending). Because the facts underlying Plaintiff's amendment were available to him since January 2003, and because Plaintiff has offered no justification for the delay, Plaintiff's conduct lacks the diligence necessary to support a finding of "good cause" under Rule 16(b). Accordingly, his motion to amend and add defendants is denied.

### III.  Conclusion

For the reasons stated herein Plaintiff's motion to amend his Complaint to add defendants (Doc. No. 37) is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, October 23, 2003.

```
                              _____
                              Peter C. Dorsey
                              Senior United States District Judge
```