

CTDC/NHCT
02-cv-790
DORSEY

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED
Oct 13   1 35 PM '04
DISTRICT COURT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 16th day of September, two thousand four.

Present:    HON. ROGER J. MINER,
            HON. ROBERT A. KATZMANN,*
                        *Circuit Judges.*



THOMAS J. CARROLL,

           *Plaintiff-Appellant,*

    - v -                                    No. 03-9332

KRISTINE D. RAGAGLIA, I/O as Comm of Dept of Child & Families, JUDITH FRITZ, I/O as a Soc Worker of Dept of Child & Families, LAURA CURRAN, I/O as an Investigator for Dept of Child & Families and DAWN DOTY, I/O as former Soc Worker of Dept of Child & Families,

           *Defendant-Appellees.*

| | |
|---|---|
| Appearing for Plaintiff-Appellant: | JAMES A. WADE, Robinson & Cole LLP (Marion B. Manzo, *on the brief*), Hartford, CT |
| Appearing for Defendant-Appellees: | JOHN E. TUCKER, Assistant Attorney |

---

* Judge Thomas J. Meskill having recused himself prior to oral argument, this case is decided by the two remaining members of the panel pursuant to § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

ISSUED AS MANDATE: 10/7/04

General, *for* Richard Blumenthal, Attorney General (Susan T. Pearlman, *on the brief*), Hartford, CT

Appeal from the United States District Court for the District of Connecticut (Dorsey, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED IN PART** and **REVERSED IN PART** and the case is **REMANDED** to the district court.

Plaintiff Thomas Carroll appeals from a decision and order of the district court granting summary judgment for defendants, employees of the Connecticut Department of Children and Families ("DCF"), on his claims for damages and for injunctive relief under 42 U.S.C. § 1983 on the basis of an alleged violation of his constitutional rights during the course of a DCF investigation into whether he abused a foster child in his care and his subsequent administrative appeal of the DCF's "substantiation" of abuse. The parties' familiarity with the facts and the law is assumed.

On appeal, "[w]e review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 119 (2d Cir. 2003). Summary judgment should be granted by the district court only if its examination of the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The same standard applies when summary judgment is granted on the basis of qualified immunity. *See Kerman v. City of New York*, 261 F.3d 229, 238 (2d Cir. 2001).

In examining a district court's decision to refrain from granting an injunction, we apply an abuse of discretion standard. *See Shain v. Ellison*, 356 F.3d 211, 214 (2d Cir. 2004). "A

district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or makes an error of law." *Id.*

On appeal, Carroll first argues that the district court erred and applied an inappropriate standard of review in granting summary judgment for the defendants on the basis of qualified immunity on his claim pursuant to 42 U.S.C. § 1983 that the Department of Children and Families ("DCF") investigated a claim of child abuse against him in a manner that was shocking to the conscience. In *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89 (2d Cir. 1999), a case in which the plaintiff initiated an action based upon what he alleged had been a wrongful substantiation of abuse, we articulated the standard applicable to a finding of qualified immunity in the child abuse investigation context as well as the contours of the constitutional rights enjoyed by those subject to such investigations. As we stated:

> This Circuit has adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context. An investigation passes constitutional muster provided simply that case workers have a "reasonable basis" for their findings of abuse. . . . In applying a reasonableness standard in the abuse context, courts must be especially sensitive to the pressurized circumstances routinely confronting case workers, circumstances in which decisions between "difficult alternatives" often need to be made on the basis of limited or conflicting information.

*Wilkinson*, 182 F.3d at 104-05 (internal citations omitted). Reasonableness will not, however, be automatically assumed; rather, "the reasonable basis test places certain constitutional limitations on case workers, *i.e.*, their decisions to declare claims of abuse substantiated must be consistent with some significant portion of the evidence before them." *Id.* at 108.

In this case, the facts appear to demonstrate that the case workers did have a reasonable basis for their findings of abuse, as not only DCF investigator Laura Curran and caseworker

-3-

Judith Fritz but also John's school social worker and hospital employees believed that it was possible, based upon the physical evidence, that abuse had occurred. Physical indicia of abuse were present, and there had demonstrably been prior instances in which John had accurately reported incidents involving Thomas Carroll and his wife. Despite indications of John's propensity for lying, the physical evidence served to corroborate the possibility of abuse. In light of the reasonableness of the determination that abuse had occurred, we need not consider whether Fritz was subjectively motivated by a desire to retaliate against the Carrolls for their complaints about her performance. We therefore hold that the district court properly granted summary judgment for the defendants on the basis of qualified immunity on Carroll's claim that the DCF investigation was shocking to the conscience.

Carroll secondly contends that the district court erred in rejecting his claim that the DCF's act of listing him as a substantiated child abuser violated his substantive due process rights under the Fourteenth Amendment by, among other things, impeding his ability to pursue a career in child care. *Valmonte v. Bane*, 18 F.3d 992 (2d Cir. 1994), requires that a plaintiff in such cases demonstrate first that the state's maintenance of a child abuse registry "implicates a protectible liberty interest under the Fourteenth Amendment," *id.* at 994, by showing not only reputational stigma but also an additional factor, *id.* at 1001, as required by the Supreme Court's opinion in *Paul v. Davis*, 424 U.S. 693 (1976), and that the "state's statutory procedures established to protect the liberty interest" were not "constitutionally adequate," *Valmonte*, 18 F.3d at 994.

Carroll can demonstrate infringement of a protected liberty interest by showing that inclusion of his name on the child abuse registry resulted in "stigma plus." *Id.* at 1000. In order

-4-

to occasion "stigma plus," the "'stigma' resulting from the defamatory character of [a] posting" must be combined with some other alteration in the individual's legal status. *Paul*, 424 U.S. at 708-09. In *Valmonte*, we held that this requirement was satisfied when a child abuse register does not simply defame an individual but also "places a tangible burden on her employment prospects." *Valmonte*, 18 F.3d at 1001. The New York statutory scheme at issue in *Valmonte* required child care providers to consult the list of indicated child abusers before hiring prospective employees, and, thus, "by *operation of law*, [the plaintiff's] potential employers [would] be informed specifically about her inclusion on the Central Register and [would] therefore choose not to hire her." *Id.* Connecticut law similarly requires that child care agencies complete background checks on prospective employees, including consulting the list of substantiated child abusers. According to one statutory provision,

> The Commissioner of Public Health, within available appropriations, shall require each prospective employee of a child day care center or group day care home in a position requiring the provision of care to a child to submit to state and national criminal history records checks. . . . The commissioner shall also request a check of the state child abuse registry . . . for perpetrator information.

Conn. Gen. Stat. § 19a-80(c) (2003) ; *see also* Conn. Gen. Stat. § 19a-77a(a)(8) (2003). A protected liberty interest is, therefore, involved in this case as it was in *Valmonte*.

It is not clear that the procedures the state established to protect Carroll's liberty interest were constitutionally adequate. The district court did not consider the effect that the delay in the availability of a hearing might have on the adequacy of due process. Other courts' decisions demonstrate the importance for due process purposes of the timeliness of a hearing based upon a "preponderance of the evidence" standard when an individual has already been listed as a substantiated child abuser in an *ex parte* proceeding. As the Illinois Supreme Court stated in

*Lyon v. Dep't of Children and Family Servs.*, 807 N.E.2d 423 (Ill. 2004), "Due process concerns may be raised by the length of time the subject waits for the issuance of the final agency decision concerning his appeal," *id.* at 433. Likewise, the Seventh Circuit held that a constitutional deprivation had occurred where there was a "largely ex parte process conducted under the credible evidence standard," "coupled with [a] particular delay in post-deprivation proceedings." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 619 (7th Cir. 2002). At the same time, however, the court determined that the defendants were insulated by qualified immunity, because the right involved had not been "clearly established." *Id.* at 620-21. We therefore remand to the district court with instructions to consider the effect of the delay in Carroll's hearing on the adequacy of due process in his case.

Finally, because the district court did not consider Carroll's substantive due process claim in determining that he was not entitled to an injunction, we remand to the district court for a decision on that issue as well.

For these reasons, the judgment of the district court is **AFFIRMED IN PART** and **REVERSED IN PART** and the case is **REMANDED** to the district court for further proceedings consistent with this summary order.

FOR THE COURT:
ROSEANN B. MacKECHNIE, CLERK
By: *[signature: Lucille Carr]*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *[signature: Jammy Martinez]*
DEPUTY CLERK

-6-