UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS CARROLL,        :
    Plaintiff,        :
                              :
v.        :        3:02CV00790(PCD)
                              :
KRISTINE D. RAGALIA, et al.,        :
    Defendants.        :

**MEMORANDUM OF DECISION AFTER REMAND**

Defendants Kristine D. Ragaglia, Judith Fritz, and Laura Curran moved for summary judgment on all counts, which the Court granted on November 12, 2003 [Doc. No. 49]. On appeal, the Second Circuit sustained the ruling in part and remanded for consideration "of the effect of the delay in Carroll's hearing on the adequacy of due process..." and for consideration of Carroll's substantive due process claim, on the basis of which he sought injunctive relief. Carroll v. Ragaglia, 109 Fed. Appx. 459, 463 (2d Cir. 2004). For the reasons stated herein, Defendants' motion for summary judgment with respect to Count Three is **denied**.

**I.    BACKGROUND**

In the Court's Ruling on Defendants' Motion for Summary Judgment [Doc. No. 49], the time line of relevant facts began in July 1998 with the placement of the child with Plaintiff and his wife. On October 10, 2000, DCF received a report of suspected child abuse from the school social worker. On the same day, Plaintiff Carroll's name was automatically placed on the Connecticut state child abuse registry, which is available to the public. See CONN. GEN. STAT. § 17a-101a; CONN. REGS. 17a-101-1 et seq. Defendant Curran, a DCF investigative social worker, commenced an investigation, which resulted in an October 17, 2000 DCF notice to Plaintiff that the reported abuse was found to be substantiated. (Both this Court and the Court of Appeals, see 109 Fed. Appx. at 461, concluded that Ms. Curran and her colleagues at DCF did have a

reasonable basis for their findings of abuse, a conclusion which undermines Plaintiff's claims.) On that same day, Plaintiff demanded an appeal of the DCF finding. The DCF completed the first stage review of the finding and reported its substantiation of the abuse finding to Plaintiff on October 26, 2000. Plaintiff requested an administrative hearing to challenge the finding, and a hearing was scheduled for January 22, 2001. At Plaintiff's request, the hearing was continued to February 23, 2001. On January 29, 2001, Plaintiff was arrested and charged with criminal child abuse offensives related to the matter. The DCF hearing officer deferred the hearing pending resolution of the criminal charges and advised counsel that "[u]pon resolution of the court proceeding, you may request to reactivate your hearing..." Plaintiff's counsel protested the hearing officer's decision, demanding continuation of the hearing and noting Plaintiff's contemplation of pursuit of "the appropriate remedies in the Superior Court," a course permitted by state law. DCF did not resume the hearing but offered to resume it upon being advised of the conclusion of the criminal proceedings.

On September 12, 2001, the criminal charges were dismissed. In arguing for dismissal, Plaintiff's counsel noted the pendency of the administrative proceeding involving the erasure of Plaintiff's name from the child abuse registry. Plaintiff did not commence a Superior Court action, and he notified DCF, by counsel's letter of November 16, 2001, of the disposition of the criminal charge. That letter contained no request for resumption of the hearing. (See Pl.'s Supplemental Mem., Ex. A.) DCF, however, communicated an offer to resume the hearing in a letter to counsel dated February 1, 2002. (Id., Ex. C.) Counsel's subsequent correspondence reiterated his questioning the propriety of the continuance, maintaining that it was not requested by Plaintiff and that no good cause was shown for it. (Id., Ex. D, F.) He did not then raise nor

pursue the resumption of the hearing but rather sought a negotiated resolution of the claim, including the erasure of Carroll's name from the Registry. Absent an agreed resolution, Plaintiff then filed this suit under 42 U.S.C. § 1983 on the basis of an alleged violation of his constitutional rights. Among other claims for relief, Plaintiff sought a mandatory injunction ordering Defendants to expunge all DCF records relating to the October 9, 2000 incident.

**II.    DISCUSSION**

    **A.    Effect of Delay on the Adequacy of Due Process Provided**

The Court of Appeals has instructed this Court to consider the effect of the delay in Carroll's hearing on the adequacy of due process in his case. 109 Fed. Appx. at 463. The Due Process Clause requires that when the government deprives an individual of a protected liberty interest, that individual must be afforded adequate notice and a reasonable opportunity to be heard. Matthews v. Eldridge, 424 U.S. 319, 333 (1976). The Court of Appeals found that a "protected liberty interest is [ ] involved in this case" as required by Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994), in that Carroll alleged not only a reputational stigma but a "plus" in an impairment resulting from "a tangible burden on [his] employment prospects." Id. at 1001. The questions for the Court to now consider are whether the procedures performed by the state to protect Carroll's liberty interest were constitutionally adequate and, if not, to what relief is Carroll entitled. Defendant argues that the case should be dismissed under principles of Younger abstention, Younger v. Harris, 401 U.S. 37 (1971), an argument that is without merit because there is no ongoing administrative hearing with which this adjudication interferes. Defendant also argues that Carroll is not entitled to the injunctive relief he sought, that is, the erasure of his name from the Registry, because the pendency of criminal charges foreclosed any job opportunity

from which he might have been excluded. That argument is unavailing since the issue presented by Carroll's claim for injunctive relief turns not on whether he might have lost a job opportunity but on whether he was afforded the hearing required for due process.

Carroll was entitled to request a hearing to review the DCF's finding that the abuse claim against him was substantiated, and he had a right to be free from unreasonable delay in the timeliness of that hearing. The Due Process Clause requires provision of a hearing "at a meaningful time," Armstrong v. Manzo, 380 U.S. 545, 552 (1956), and the Supreme Court has held that individuals are entitled to a prompt post-deprivation hearing, "one that would proceed *and be concluded* without appreciable delay." Barry v. Barchi, 443 U.S. 55, 66 (1979) (emphasis added). Carroll was not given a reasonably prompt administrative hearing that was concluded without appreciable delay. Carroll met his initial burden of requesting a post-deprivation hearing, and that request was granted. The hearing was adjourned by DCF in February, 2001 over Carroll's objection, pursuant to an internal DCF policy which had not been authorized by the State legislature. (Pl.'s Mem. in Opp. to Summ. J. at 15-16, Ex. 12.) Carroll requested that the hearing proceed, and DCF denied that request. (Id.) As a result, the hearing was delayed during the seven months between the deferral of the February hearing and the resolution of the criminal charges against Carroll in September, at which point Carroll provided prompt notice to DCF of the dismissal of his criminal case. Defendants maintain that Carroll was obliged to submit another formal request for a hearing at that point. However, the fact that Carroll did not reiterate his initial demand for the hearing to be resumed after it was deferred did not waive his right to a review of the substantiation finding, and DCF's expressed willingness to resume the hearing when advised of the resolution of the criminal matter did not absolve DCF of its duty to

provide a hearing at the time of such resolution. There is thus no reasonable explanation for the delay of the conclusion of the hearing between September 12, 2001, and November 16, 2001,when Carroll's counsel wrote a letter to DCF pointing toward litigation for damages and for injunctive relief to remove Carroll's name from the Registry. Defendants have shown no governmental interest which would justify their refusal to continue the hearing and which would outweigh Carroll's interest in a timely resolution of the deprivation of his protected liberty interest. Barry, 443 U.S. at 66. The record thus demonstrates DFC's failure to provide as prompt a hearing as was reasonably possible between February 23, 2001 and November 16, 2001, and Carroll has thus not received the "prompt proceeding and prompt disposition of the issues" in a post-deprivation hearing as required by the Due Process Clause. Id. Accordingly, the Court cannot conclude that the delay in Mr. Carroll's hearing was reasonable nor that the Defendants are entitled to summary judgment on Mr. Carroll's procedural due process claims.

     The determination that Carroll was not accorded a full hearing with respect to the substantiation finding against him presents a quandary as to what relief is now appropriate. In his claim for injunctive relief, Carroll seeks erasure of his name from the registry. This Court, in ruling on Defendants' motion for summary judgment, found that the inquiry conducted by Defendants to substantiate the claim of child abuse was reasonable. The Court of Appeals sustained this finding in holding that "[i]n this case, the facts appear to demonstrate that the case workers did have a reasonable basis for their findings of abuse...." 109 Fed. Appx. at 461. Given the existence of a "reasonable basis for their findings of abuse," this Court's erasure of Carroll's name from the Registry would fly in the face of a justified listing by the State. The preliminary finding of abuse by Carroll created the right, as well as the responsibility, on the part of the State

to ensure "that those with abusive backgrounds not be inadvertently given access to children," <u>Valmonte v. Bane</u>, 18 F.3d at 1005, and triggered the statutory obligation to enter Carroll into the Registry. Until that finding is found to be unsubstantiated, removal of his name by order of this Court would undermine the protection the State legitimately created through the Registry. <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 379-80 (1976); <u>Million Youth March, Inc. v. Safir</u>, 155 F.3d 124, 125 (2d Cir. 1998). The problem, of course, is that Carroll has not yet been accorded a full hearing to review the preliminary finding of substantiated abuse. This deficiency, however, can be corrected, after which removal of his name from the Registry might be deemed appropriate.

Carroll's right to a full hearing can be accommodated as follows. If the review process created by state statute reverses the finding of substantiation and causes his name to be removed from the Registry, Carroll's rights will have been sustained and the State's purpose in the maintaining the listing, i.e. the protection of children, will not have been compromised. Upon request by Carroll, served on DCF on or before December 20, 2006, the hearing deferred on February 23, 2001 will be reconvened on or before January 22, 2007 in accordance with DCF procedure to review the finding of substantiation of the charged abuse, with a full accommodation of Carroll's rights under DCF policy and applicable Connecticut statutes, without regard to time constraints that would have applied had the deferred hearing been completed on or after February 23, 2001.

     **B.    Substantive Due Process Claim**

Another basis of Carroll's request for injunctive relief was his claim that Defendants' actions constituted an abuse of power in violation of his rights to substantive due process and, in particular, that the listing of his name in the Registry violated his substantive due process rights

by impeding his ability to pursue a career in child care.  The Court of Appeals remanded for consideration of Carroll's substantive due process claim in deciding his entitlement to injunctive relief.  Assuming Carroll's allegation of his employment impairment is true, and recognizing DCF's failure to provide a full hearing to review the substantiation of the asserted abuse, the Court's consideration of this claim for injunctive relief is subject to the same analysis discussed above.  "Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority."  Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999).  While the delay triggered by the deferral of the substantiation hearing, despite Carroll's request for its completion, could be found to be arbitrary, it is doubtful that it could be deemed to be "so outrageously arbitrary" as to "shock the conscience."  Assuming, however, that standard was met and Carroll was denied substantive due process, it is ordered that if Carroll makes a request to DCF on or before December 20, 2006, the February 23, 2001 hearing shall be reconvened by DCF on or before January 22, 2007 and processed as ordered above.

### III.   CONCLUSION

On remand, Defendant's motion for summary judgment on Count Three of Plaintiff's Complaint is **denied**.  On the basis of Plaintiff's having been denied the hearing to which he was entitled, as discussed above, if Plaintiff, no later than December 20, 2006, serves upon DCF a request to reconvene the hearing to review the substantiation of the charge of abuse made against him, DCF shall reconvene that hearing no later than January 22, 2007 and process the review as ordered above.

SO ORDERED.

Dated at New Haven, Connecticut this  12th  day of December, 2006.

                                                        /s/
                                   PETER C. DORSEY
                     UNITED STATES DISTRICT JUDGE