UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS CARROLL<br>*Plaintiff* | CIVIL ACTION NO.<br>302CV790 (PCD) |
| v. | |
| KRISTINE D. RAGAGLIA, et al.<br>*Defendant* | DECEMBER 19, 2006 |

### DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT AND FOR CLARIFICATION

Pursuant to Rules 59 and 1 of the Federal Rules of Civil Procedure, the defendants hereby move to alter or amend the decision issued by this Court on December 12, 2006. That decision was issued at the direction of the Second Circuit Court of Appeals requiring this Court to further consider its ruling granting the defendants' motion for summary judgment regarding injunctive relief specific to the plaintiff. The defendants respectfully ask this Court to alter or amend its decision in the following respects.

1. On April 15, 2005, the plaintiff informed this Court by letter, attached as Exhibit A, that the plaintiff had passed away. There is no practical relief that can be afforded the deceased plaintiff. His estate has not been substituted as a party. Even if the estate had been substituted, there is no practical relief that can be afforded the estate. The case is moot and should be dismissed.

2. By letter dated May 13, 2005, the plaintiff informed this Court that the case is not moot because the estate would be entitled to attorney's fees as the prevailing party. However, the claim fails because the actual relief on the merits must materially alter the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Farrar* v. *Hobby*, 506 U.S. 103, 111-112 (1992). Because the court's judgment in no

way affects the deceased plaintiff, the plaintiff is not entitled to attorney's fees. *See Rhodes* v. *Stewart*, 488 U.S. 1 (1988) (plaintiffs not eligible for attorney's fees where prisoner-plaintiffs were either dead or released).

 3. This Court's decision suggests that a hearing officer should never defer a substantiation hearing due to the pendency of a criminal case and has the obligation to, *sua sponte*, schedule the continuation of such a hearing even in the absence of knowledge that the criminal proceeding has been resolved or that the party continues to desire a hearing. Because this apparent holding is a radical departure from existing law and may have significant implications for the Department's practices in this area, the defendants respectfully ask that this Court clarify its decision in the following respects.

 a. Whether this Court concluded it was constitutional error for the hearing officer to defer the substantiation hearing during the pendency of the criminal charges?

 b. Whether it was constitutional error for the agency not to schedule a hearing until after plaintiff's counsel notified the agency of the resolution of the criminal charges?

 c. If this Court concluded that it was constitutional error for the hearing officer to defer the hearing pending the resolution of the criminal charges, please clarify the legal basis for this conclusion?

 d. What is the factual basis for this Court's apparent conclusion that the agency had knowledge that the criminal charges had been resolved in the plaintiff's favor prior to the plaintiff's letter dated November 16, 2001? (Pl's Exhibit A)

 e. What is the factual basis for this Court's apparent conclusion that the agency had knowledge that the plaintiff continued to desire that the agency hold a substantiation hearing

after the resolution of the criminal charges, despite the plaintiff's specific request for only monetary relief? (Pl's Exhibit A)

WHEREFORE, the defendants respectfully request that the present motion be granted.

DEFENDANTS

KRISTINE D. RAGAGLIA
JUDITH FRITZ
LAURA CURRAN
(In Their Official Capacity)

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
John E. Tucker
Assistant Attorney General
Federal Bar No. ct04576
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5480
Fax: (860) 808-5595

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 19th day of December 2006, first class postage prepaid to:

James A. Wade, Esq.
Marion Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

John E. Tucker
Assistant Attorney General

**ROBINSON & COLE** LLP

JAMES A. WADE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
jwade@rc.com
Direct (860) 275-8270

April 15, 2005

The Honorable Peter C. Dorsey
Chambers of the Hon. Peter C. Dorsey
United States District Court
141 Church Street
New Haven, CT 06510

Re: **Carroll v. Ragaglia, Civil No. 302CV790 (PCD)**

Dear Judge Dorsey:

It is with sadness that I report to you that my client, Thomas Carroll, has recently passed away after an unsuccessful struggle with stomach cancer.

His estate will continue to assert his claims in the above referenced matter. I respectfully suggest that we schedule a court conference to discuss the next steps.

Very truly yours,

James A. Wade

Copy to:   John Tucker, AAG



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

SARASOTA

www.rc.com

Exhibit A