UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS CARROLL | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 302CV790 (PCD) |
| | : | |
| v. | : | |
| | : | |
| KRISTINE D. RAGAGLIA, et al. | : | |
| *Defendant* | : | NOVEMBER 1, 2007 |

### DEFENDANTS' MOTION FOR VACATUR OF MEMORANDUM OF DECISION AFTER REMAND ISSUED ON DECEMBER 12, 2006

In support of this motion the defendants aver:

1. On remand from the Second Circuit, this Court issued a memorandum of decision on December 12, 2006. That decision suggested that a DCF hearing officer should never defer a substantiation hearing due to the pendency of a criminal case and has the obligation to, *sua sponte*, schedule the continuation of such a hearing even in the absence of knowledge that the criminal proceeding has been resolved or that the party continues to desire a hearing.

2. Because this decision appeared to be a radical departure from existing law and may have significant implications for the Department's practices in this area, the defendants filed a motion to alter or amend judgment and for clarification dated December 19, 2006.

3. On December 22, 2006, this Court granted that motion in part, clarifying the decision. However, although the December 12th decision is available on LEXIS, *see Carroll* v. *Ragaglia*, 2006 U.S. Dist. LEXIS 89615 (D. Conn. 2006), the subsequent order clarifying that decision dated December 22, 2006 is **not** available on LEXIS.

4. The plaintiff passed away in the course of the litigation and there was no substitution for the party plaintiff. On October 29, 2007, this Court dismissed the above captioned action.

5. The defendants will not have the opportunity to challenge this Court's decision on the remand issued on December 12, 2006. The Second Circuit has "recognized that a party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *Indus. Risk Insurers* v. *Port Authority*, 493 F. 3d 283, 287 (2nd Cir. 2007). Vacatur is appropriate when the public interest is served. *In re Candace H*., 259 Conn. 523 (2002), citing *U.S. Bankcorp Mortgage Co*. v. *Bonner Mall Partnership*, 513 U.S. 18, 26 (1994). "Vacatur is commonly utilized to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *United States* v. *Munsingwear, Inc*., 340 U.S. 36, 41 (2002).

6. Vacating the December 12, 2006 decision on remand is appropriate in this case. Due to the passing away of the plaintiff, such decision is not reviewable. Also the fact that the December 12, 2006 is available to the public and legal researchers on LEXIS and the subsequent decision clarifying that decision dated December 22 is not available on LEXIS also supports the granting of this motion.

WHEREFORE: In accordance with F.R.C.P. 60, the defendants respectfully move that the present motion be granted and that this Court's decision dated December 12, 2006 entitled "Memorandum of Decision After Remand" be vacated.

        DEFENDANTS

        KRISTINE D. RAGAGLIA
        JUDITH FRITZ
        LAURA CURRAN
        (In Their Official Capacity)

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: /s/_____
        John E. Tucker
        Assistant Attorney General
        Federal Bar No. ct04576
        110 Sherman Street
        Hartford, CT  06l05
        Tel: (860) 808-5480
        Fax: (860) 808-5595

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 1st day of November 2007, first class postage prepaid to:

James A. Wade, Esq.
Marion Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103


/s/_____

John E. Tucker
Assistant Attorney General